**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| V. | ) | CR. NO. 08-034 |
| | ) | |
| | ) | |
| RICKY D. LINDSEY | ) | |

## MOTION FOR RECONSIDERATION OF DETENTION ORDER

**COMES NOW**, Ricky Lindsey, defendant, through undersigned counsel pursuant to 18 U.S.C. §3145(b) to respectfully request this Honorable Court to revoke the pre-trial detention order of Magistrate Judge Kay and to release the defendant to the District Of Columbia Pretrial Services Heighten Supervision Program, to a District Of Columbia half-way house with release privileges to continue school. As grounds for this motion counsel would state the following:

### BACKGROUND

1. The defendant was charged with one count each of Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, and Using, Carrying and Possessing a Firearm during a Drug Trafficking Offense.

2. A detention hearing was held on February 14, 2008, before the Honorable Magistrate Judge Kay. The defendant was ordered held without bond.

3. The defendant is a life-long resident of the District of Columbia metropolitan area and has many family members in the area. At the time of his arrest, the defendant was a full-time student at Gibbs College located in Vienna, Virginia, where he majored in Business Administration.

1

4. The defendant will be able to resume his education upon release upon release.

## FACTORS TO BE CONSIDERED

5. Title 18 U.S.C. §3142(g) specifies the factors to be considered in determining whether there are conditions of release that will reasonable assure the appearance of the person as required and the safety of the community. Those factors are:

   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
   (2) the weight of the evidence against the person;
   (3) the history and characteristics of the person—
       i.  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
       ii. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release while pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

## ARGUMENT

There is a rebuttable presumption contained in 18 U.S.C. §3142(e) that no condition or combination of conditions will reasonable assure the safety of any person in the community if the judge finds that there is probable cause to believe that a person committed an offense for which a maximum term of imprisonment of ten years or more is

2

prescribed in the Controlled Substances Act. The indictment itself is sufficient to create the probable cause creating the rebuttable presumption of flight. United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985). However, "Reasonably assure" does not mean that release conditions must "guarantee" community safety and the defendant's appearance. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). In addition in United States v. Jessup, 757 F.2d 758 (1st Cir. 1985) the First Circuit concluded that the statutory presumptions raised by serious drug offense shifted only the burden of production not persuasion to the defendant. Once the defendant produces some evidence the presumption does not evaporate but rather allows the court to give appropriate weight to the presumption without shifting the burden of persuasion. See United States v. Fretias, 602 F.Supp 1283 (N.D. Cal. 1985), and United States v. Portes, 786 F.2d 758 (7th Cir. 1985). The government retains the burden of proof by a preponderance where the issue is risk of flight, United States v. Vortis, 785 F.2d 327 (D.C. Cir.1986), or by clear and convincing evidence if the issue is danger to a person or the community.

    This Court based on his documented past has no reason to believe that Mr. Lindsey is a risk of flight. In addition, there is no clear and convincing evidence to support the idea that Mr. Lindsey is a danger to the community. Indeed there is nothing of a violent nature in Mr. Lindsey's history. We believe that this Court could fashion a scenario where by Mr. Lindsey can continue to go to school, and at the same time comply with any conditions set forth by this Court.

    **WHEREFORE**, counsel respectfully requests that this motion be granted.

Respectfully Submitted

_____/s/_____
Rudolph Acree, Jr.
1211 Connecticut Ave.
Suite 506
Washington, DC 20036
(202) 331-1961
Fax (202) 331-7004

Case 1:08-cr-00034-RCL   Document 6   Filed 03/14/2008   Page 4 of 7

**CERTIFICATE OF SERVICE**

    **I HEARBY CERTIFY** that a copy of the foregoing was served through electronic case filing to AUSA Nancy Jackson on March 14, 2008.

                                                                                _____/s/_____
                                                                              Rudolph Acree, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| V. | ) | CR. NO. 08-034 |
| | ) | |
| | ) | |
| RICKY D. LINDSEY | ) | |

**ORDER**

This matter is before the Court on the defendant Ricky Lindsey's motion for revocation of detention order and the Court, having considered the motion, the government's response thereto and the record in the case it is this __ day of _____2008,

**ORDERED** that the defendant's motion should be and hereby is **GRANTED** and it is

**FURTHER ORDERED** that the defendant be placed in home monitoring pending the trial in this matter.

**SO ORDERED.**

_____
Honorable Judge
United States District Court

Copies to:

Mr. Rudolph Acree, Jr.
1211 Connecticut Ave
Suite 506
Washington, DC 20036
Counsel for Ricky D. Lindsey

Ms. Nancy Jackson
Assistant United States Attorney
555 4th St., NW
Room 4444
Washington, DC 20530
Counsel for the United States