UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| RICKY D. LINDSEY, | ) Criminal No. 08-034 (RCL) |
| Defendant. | ) |

FILED

APR 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM AND ORDER

Now before the Court comes defendant Ricky Lindsey's motion [6] for reconsideration of detention order. Defendant has been charged with (1) possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and (2) using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Following a detention hearing on February 20, 2008, Magistrate Judge Kay ordered that defendant be detained without bond pending trial. Magistrate Judge Kay found "by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community" if defendant were to be released. (Detention Mem. at 4.) As set forth below, this Court, after conducting an additional hearing on April 10, 2008, now finds that no condition or combination of conditions would reasonably assure the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, upon full consideration of the motion, the government's opposition, the April 10th hearing, the entire record herein, and applicable law, it is hereby

ORDERED that defendant's motion is DENIED. Defendant shall continue to be detained without bond pending trial.

## DISCUSSION

Under the Bail Reform Act,[1] in order to detain a defendant pretrial, the government bears the burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). If a judicial officer "finds that there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), [or] the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*)," however, then a presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). This presumption is rebuttable by the defendant. *Id.* Though rebuttable, the presumption is entitled to substantive weight. *United States v. Bess*, 678 F. Supp. 929, 934 (D.D.C. 1988) (Robinson, C.J.) (citing *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985)). The presumption "requires the court to draw an inference of dangerousness when probable cause is established that [the] defendant committed a predicate offense, an inference whose strength depends on all the evidence before the Court." *Bess*, 678 F. Supp. at 934. Though the presumption assists the government in carrying its burden, the Court must still conduct an independent assessment of four factors listed in § 3142(g) to determine whether pretrial detention

---

[1] 18 U.S.C. § 3141 *et seq.*

2

is appropriate.[2] The presumption is incorporated into the § 3142(g) factors considered by the Court. *Id.*

Based upon the evidence in this case, there is sufficient evidence to raise the rebuttable presumption that no condition or set of conditions will reasonably assure defendant's appearance or the safety of the community. There is probable cause to believe that defendant committed an offense carrying a maximum penalty of ten years or more under the Controlled Substance Act, as the defendant has been indicted for carrying and possessing a firearm during a drug trafficking felony under 18 U.S.C. § 924(c). *See* 18 U.S.C. § 3142(e). A grand jury indictment for such a crime establishes probable cause sufficient to raise the presumption under § 3142(e). *See United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986). The presumption that no set of conditions would assure the safety of the community having been established, the Court must now independently assess the four factors enumerated in § 3142(g) to determine whether the evidence clearly and convincingly supports this presumption. The Court finds that the evidence overwhelmingly supports the presumption and weighs heavily in favor of the defendant's detention pending trial to assure the safety of the community. The Court makes the following findings in support of its conclusion:

1. The nature and circumstances of the offenses charged against defendant favor detention. Defendant is charged with a serious drug crime and with use and possession of a firearm during a drug trafficking offense. Both of these charges

---

[2] Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

involve conduct that is dangerous and destructive to other individuals in the community.

2. The weight of the evidence against defendant also heavily favors detention. Defendant opened the door to his residence and permitted a search. There, law enforcement officers discovered narcotics, weapons, and ammunition in defendant's bedroom, which has also been described as the bedroom in which defendant's small child resides. Defendant, his mother, and his sister all identified this bedroom as that of the defendant. Without a contradictory proffer from defendant at the April 10, 2008 hearing, this evidence clearly and convincingly establishes that defendant committed the offenses for which he is charged.

3. The history and characteristics of the defendant also weigh in favor of detention. In 2005, defendant was convicted of a robbery in the State of Maryland. Defendant is also a life-long resident of the District of Columbia with family in the area and was a full-time college student at the time of his arrest. Though these last characteristics appear to weigh in defendant's favor, they cannot overcome—particularly in light of defendant's past robbery conviction—the weight of evidence against defendant, the severity of the crimes for which he is charged, and the significant sentence he faces if convicted.

4. The nature and seriousness of the danger to the community that would be posed by defendant's release also weighs significantly in favor of the government. Defendant was in possession of a virtual arsenal including an UZI 9mm semi-

automatic submachine gun and significant amounts of ammunition. Further, defendant was in possession of approximately 625 grams of suspected cocaine powder and approximately 116 grams of suspected crack cocaine. These are severe charges that indicate defendant's release would pose a danger to the community.

5. Defendant made no proffer at the April 10, 2008 hearing which would have served to rebut the presumption of detention. Further, defendant's motion for reconsideration merely asserted that defendant was not a risk of flight, was not a danger to the community, and was not a violent individual. In light of the aforementioned findings, this Court does not find such statements sufficient to overcome the presumption of detention.

SO ORDERED.


_____          _____4/15/08_____
United States District Judge Royce C. Lamberth          Date