**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No.: 08CR00034-RCL |
| | : Judge Lamberth |
| RICKY LINDSEY, | : Trial: July 21, 2008 |
| | : |
| Defendant. | : |

## MOTION TO SUPPRESS, STATEMENTS, ADMISSIONS AND CONFESSIONS

Ricky Lindsey, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure, moves this Court to suppress the use of any and all statements, admissions and confessions allegedly given by the defendant, whether oral, written, or otherwise recorded which the government proposes to use as evidence against the defendant. As grounds for this request, the defendant states as follows:

On February 14, 2008, Federal Bureau of Investigation (hereinafter FBI) Special Agent Daniel C. Sparks and other members of the FBI executed a search warrant at 4645 A Street, S.E., Washington, D.C. As a result of this search, the FBI recovered the following weapons and narcotics from various locations in the residence;

1. One black scale inside of a plastic bag;

2. One plastic bag which contained chunks of suspected crack cocaine and a scale with residue;

3. Two pages of names and telephone numbers ;

4. Miscellaneous pink ziplock bags;

5. One Hi-point firearms box for model C9 9 millimeter Luger pistol from MKS Supply, Inc.;

6. One digital scale;

7. One white plastic bag which contained a digital scale box, several bags, a knife with white residue;

8. One blue bag which contained four clear bags of suspected cocaine and ripped bag with residue;

9. One white bag with suspected crack cocaine;

10. One health plan card, one Washington, D.C. identification and one receipt in the name of Ricky Lindsey;

11. One plastic bag which contained a wrapper with duct tape with white powder residue and miscellaneous packaging material and a box of baking soda;

12. One plastic bag which contained a digital scale with white powder residue, miscellaneous packaging material and cutting material;

13. One black bag which contained an Uzi semi-automatic sub machine gun model B 9 millimeter with obliterated serial number.;

14. Disassembled UZI semi-automatic sub-machine gun, 9 millimeter, .40 caliber, .38 caliber and 5.56 rifle ammunition various magazines to include AK-47 magazines;

15. One blue bag which contained three magazines; two for an UZI and one 50 round SKS magazine;

16. A wallet which contained Ryan Lindsey's identification; and

17. One Blackberry cell phone One black handgun holster.

Law enforcement asked Ricky Lindsey if his bedroom was the room with the bunk beds and in response to this inquiry, he stated "yes." It is alleged that some of the items recovered pursuant to the execution of the search warrant were recovered from Mr. Lindsey's bedroom.[1] Mr. Lindsey was placed under arrest and transported to the FBI

---

[1] Pursuant to the above-listed items, items 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were allegedly recovered from the room identified as Mr. Lindsey's bedroom.

2

Washington Field Office. Mr. Lindsey was subsequently charged with possession with intent to distribute a controlled substance.

A United States District Court for the District of Columbia grand jury returned a two count Indictment which charged Mr. Lindsey with unlawful possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO SUPPRESS STATEMENTS, ADMISSIONS AND CONFESSIONS

Mr. Lindsey submits that any statement(s) obtained from him was obtained in violation of the dictates of the Supreme Court in Miranda v. Arizona, 384 U.S. 436 (1966). Any inculpatory statement(s) made to law enforcement officials in connection with this case were made subject to custodial interrogation and prior to Mr. Lindsey being read his Miranda rights. In Miranda, the Supreme Court held that prior to interrogation of a defendant who was in custody "or otherwise deprived of his freedom of action in any significant way" id. at 444, the police must warn him (1) that he had a right to remain silent; (2) that any statement that he makes may be used as evidence against him; (3) that he is entitled "to consult with a lawyer and to have a lawyer with him during interrogation," id. at 474; (4) that an attorney will be appointed to represent him if he cannot afford to retain one; and (5) that he may exercise any of these rights at any point during the interrogation. Each of these warnings must be expressly stated. There is nothing in the record, which indicates the circumstances under which Mr. Lindsey provided the statement(s) to law enforcement.

Mr. Lindsey is entitled to a pre-trial hearing to determine the admissibility of any confessions he allegedly provided to the law enforcement officials. Jackson v. Denno, 378 U.S. 368 (1964). The government has the burden of proving by a preponderance of the evidence that the defendant's confession was voluntary. Leggo v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether the confession is "the product of an essentially free and unconstrained choice by its maker." Columbe v. Connecticut, 367 U.S. 568, 602 (1961) (plurality opinion), approved in Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973).

The question of the voluntariness of a confession is separate and distinct from the issue of compliance or non-compliance with the requirements of Miranda v. Arizona, supra. Thus, voluntariness may still be at issue even though the Miranda requirements have been met.

Finally, when a confession is challenged on voluntariness grounds, the Court must conduct an evidentiary hearing and make a clear factual finding. In determining voluntariness, a Court may not consider the probable trustworthiness of the confession. Jackson v. Denno, supra, at 376-77, 383-86. Indeed, it is reversible error for the Court to do so. Rogers v. Richmond, 364 U.S. 534, 540-41 (1961). Voluntariness of a confession turns solely on circumstances surrounding the confession. Involuntariness of the confession may be shown not only to be physical coercion, but by a variety of more or less subtle types of psychological coercion. Brown v. Mississippi, 297 U.S. 278 (1936).

If a person confesses in response to being confronted with illegally obtained evidence, the confession must be excluded from evidence. Fahy V. Connecticut, 375 U.S. 85 (1963); Brown v. Illinois, 422 U.S. 590, 605 and n. 12 (1975); United States ex

rel Hardy v. Brierly, 326 F. Supp. 364, 368 (E.D. Pa. 1971), aff'd, 458 F.2d 38 (3rd Cir. 1972). The defendant need not be physically confronted with the evidence; it is sufficient if the defendant is aware that the police have obtained such evidence.

WHEREFORE, for the reasons stated herein, the defendant respectfully requests hold a hearing on this Motion to Suppress Statements, Admissions and Confessions and that the court grant this motion and for such other relief as is just.

                Ricky Lindsey
                By Counsel

                Respectfully submitted,

                /s/
                Billy L. Ponds
                The Ponds Law Firm
                Bar No. 379883
                3218 O Street, N.W
                Suite Two
                Washington, D.C.  20007
                (202) 333-2922

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion to Suppress Statements, Admissions and Confessions was sent via electronic case filing management system and facsimile to Assistant United States Attorney Eric Gallun, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on this 23rd day of May 2008.

                /s/
                Michelle Anapol

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No.: 08CR00034-RCL |
| : | Judge Lamberth |
| RICKY LINDSEY, : | Trial: July 21, 2008 |
| : | |
| Defendant. : | |

## ORDER

THIS CAUSE having come before the Court on the Motion to Suppress Statements, Admissions and Confessions, and that Motion having been considered by the Court, and for good cause shown, it is this _____ day of _____, 2008,

ORDERED, that the Defendant's Motion to Suppress Statements, Admissions and Confessions is hereby GRANTED.

_____
JUDGE

cc:  Billy L. Ponds
The Ponds Law Firm
3218 O Street, N.W.
Suite Two
Washington, D.C. 20007

Eric Gallun
Assistant United States Attorney
Office of the United States Attorney
555 4th Street, NW
Washington, D.C. 20530