**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Case No.: 08CR00034-RCL |
| : | Judge Lamberth |
| **RICKY LINDSEY,** : | Trial: July 21, 2008 |
| : | |
| **Defendant.** : | |

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

TERRY WILLIAMS, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure, moves this Court to suppress the use of any and all physical evidence seized from 4645 A Street, S.E., Washington, D.C., which the government proposes to use as evidence against the defendant. As grounds for this request, the defendant states as follows:

On February 14, 2008, Federal Bureau of Investigation (hereinafter FBI) Special Agent Daniel C. Sparks and other members of the FBI executed a search warrant at 4645 A Street, S.E., Washington, D.C. As a result of this search, the FBI recovered the following weapons and narcotics from various locations in the residence;

1.   One black scale inside of a plastic bag;

2.   One plastic bag which contained chunks of suspected crack cocaine and a scale with residue;

3.   Two pages of names and telephone numbers ;

4.   Miscellaneous pink ziplock bags;

5.   One Hi-point firearms box for model C9 9 millimeter Luger pistol from MKS Supply, Inc.;

6.   One digital scale;

7. One white plastic bag which contained a digital scale box, several bags, a knife with white residue;

8. One blue bag which contained four clear bags of suspected cocaine and ripped bag with residue;

9. One white bag with suspected crack cocaine;

10. One health plan card, one Washington, D.C. identification and one receipt in the name of Ricky Lindsey;

11. One plastic bag which contained a wrapper with duct tape with white powder residue and miscellaneous packaging material and a box of baking soda;

12. One plastic bag which contained a digital scale with white powder residue, miscellaneous packaging material and cutting material;

13. One black bag which contained an Uzi semi-automatic sub machine gun model B 9 millimeter with obliterated serial number.;

14. Disassembled UZI semi-automatic sub-machine gun, 9 millimeter, .40 caliber, .38 caliber and 5.56 rifle ammunition various magazines to include AK-47 magazines;

15. One blue bag which contained three magazines; two for an UZI and one 50 round SKS magazine;

16. A wallet which contained Ryan Lindsey's identification; and

17. One Blackberry cell phone One black handgun holster.

It is alleged that some of the items recovered pursuant to the execution of the search warrant were recovered from Mr. Lindsey's bedroom.[1] Mr. Lindsey was placed under arrest and transported to the FBI Washington Field Office. Mr. Lindsey was subsequently charged with possession with intent to distribute a controlled substance.

A United States District Court for the District of Columbia grand jury returned a two count Indictment which charged Mr. Lindsey with unlawful possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and

---

[1] Pursuant to the above-listed items, items 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were allegedly recovered from the room identified as Mr. Lindsey's bedroom.

using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO SUPPRESS TANGIBLE EVIDENCE

On February 7, 2008, Federal Bureau of Investigation Agent Daniel C. Sparks submitted an Affidavit in Support of an Application for Search Warrant outlining the basis for the Application for Search Warrant. The affidavit requested permission to search 4645 A Street, S.E., Washington, D.C. The government will seek to introduce physical evidence obtained in connection with this case as a result of the search warrant executed on February 14, 2008 at 4645 A Street, N.E., Washington, D.C.

Mr. Lindsey challenges the validity of the search and seizure to acquire the evidence allegedly obtained in connection with this case as a violation of his rights as guaranteed by the Fourth, Fifth and Sixth Amendments to the United States Constitution. He moves to suppress all evidence seized, and all fruits thereof. *United States v. Martinez-Fuerte,* 428 U.S. 543, 556, 49 L.Ed 2d 660, 96 S.Ct. 3074 (1976); *Florida v. Royer,* 460 U.S. 491, 498 (1983)(plurality opinion); *United States v. Gooding,* 695 F.2d 78 (4th Cir. 1982); *Jackson v. Deno,* 378 U.S. 368 (1964); *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed. 2d 497 (1980); *Almeida-Sanchez v. United States,* 413 U.S. 266, 269-270, 93 S.Ct. 2535, 2537 (1973); *Ybarra v. Illinois,* 444 U.S. 85, 62 L.Ed 2d 238, 100 S.Ct 338 (1979). Evidence discovered as a direct result or indirect fruit of the illegal seizure must be suppressed. *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963).

An affidavit submitted to a magistrate must include "a substantial basis for determining the existence of probable cause." *Illinois v. Gates,* 462 U.S. 213, 239 (1983). The Affidavit in the present case and the background provided to the magistrate was insufficient in establishing

"substantial basis" for probable cause. It is well settled that probable cause exists when there are trustworthy facts and circumstances which, as a whole, would lead a reasonable person to believe that there is a fair probability that the person or item to be searched will possess or contain fruits, instrumentalities, or evidence of crime. *Gates*, 462 U.S. at 238. Probable cause exists when, considering the totality of the circumstances, a reasonably prudent person applying "common sense conclusions about human behavior" would believe that a crime has been committed or is being committed. *Gates*, 462 U.S. at 230; *Carroll v. United States*, 267 U.S. 132, 161 (1925). The circumstances must be viewed from the perspective of a reasonable, cautious police officer in light of the officer's experience and training. *United States v. Davis*, 458 F. 2d 819, 821-22 (D.C. Cir. 1972). The probable cause to search the residence was based on information pertaining to illegal activities attributed to Timothy Johnson. While Special Agent Sparks' background may be exemplary, probable cause did not exist to search the above-referenced premises.

While the issuing Magistrate is certainly entitled to consider and credit this specialized knowledge...it does not alone provide probable cause to search. To issue a warrant based solely on the agent's expert opinion would be to license virtually automatic searches of residences of persons arrested for narcotics offenses. This would effectively eviscerate the Fourth Amendment's requirement that there be probable cause to believe that contraband or evidence of a crime will be found in a particular place. *Gates, supra*, 462 U.S. at 238, 103 S.Ct at 2332 (citations omitted). *United States. v. Gomez*, 652 F.Supp. 461, 463 (E.D.N.Y. 1987).

The facts contained in the affidavit requesting a search of the premises do not provide probable cause and conclusions by an affiant(s) are not facts. *Illinois v. Gates*, 462 U.S. 213 (1983)("sufficient information must be presented to the Magistrate to allow that official to

determine probable cause...his actions cannot be a mere ratification of the bare conclusions of others"). This Court has the duty to review the affidavit to determine if probable cause is contained within its four corners:

> [I]t remains for a reviewing court to decide whether the magistrate performed his neutral and detached function on the facts before him and did not merely serve as a rubber stamp for the conclusions drawn by the police.

*United States v. Travisano*, 724 F.2d 341, 345 (2nd Cir. 1983).

In this case, based on the Affidavit, the officer did not provide sufficient basis to determine probable cause and permit issuance of the search warrant. The principal evil which the Framers of the Fourth Amendment aimed to deter was the general search, *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971); *Go-Bart Importing Co. v. United States*, 282 U.S. 344, 357 (1931). Under the so called "Writs of Assistance", or general warrants, agents of the Crown were free to enter a person's home, ransack it, then read all his papers in search of evidence of any crime. *See generally, Stanford v. Texas*, 379 U.S. 476, 481-85 (1965)(describing history and purpose of the particularity requirement); *Boyd v. United States*, 116 U.S. 616, 625 (1886). The hallmarks of the general search were the right to rummage at will, and the total discretion to decide what to seize. *Stanford*, 379 U.S. at 481-85.

It was the historic effort to ban the detested general search that gave the Fourth Amendment its shape. The first clause generally provides "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures". The second clause requires "probable cause for the issuance of warrants...which must particularly describe the place to be searched and the persons and things to be seized". Under this scheme, general rummaging is prohibited. The particularity requirement serves to place a sharp and unyielding limit on the discretion of the executing officer as to the items to be seized. *Coolidge*

*v. New Hampshire, supra; Marron v. United States*, 275 U.S. 192, 196 (1927)("As to what is to be taken, nothing is left to the discretion of the officer executing the warrant").

At the time the officers executed the search warrant they knew that the warrant did not provide sufficient facts to establish probable cause. The purpose of the exclusionary rule is to deter unlawful police conduct, and therefore evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, that the search was unconstitutional under the Fourth Amendment, *U.S. v. Leon*, 468 U.S. 981, 919 (1984). In the instant case, particularity was impossible because the affiant had no idea the objects in question would be inside the residence. In this case, there were not any agent(s) or officer(s) who had observed a narcotics transaction, paraphernalia, or any weapons, or other items inside the residence prior to obtaining the search warrant. This warrant is nothing more than a twentieth century Writ of Assistance. If the prohibition against the general warrant is to have any meaning, the evidence seized pursuant to the warrant, and all fruits thereof, must be suppressed. Thus, all evidence obtained as a direct or indirect result of the illegally obtained search warrant should be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).

In conclusion, because the Affidavit did not sufficiently articulate probable cause and in considering the totality of circumstances, the search warrant was erroneously issued. Accordingly, any evidence seized in connection with this case must be suppressed based on an invalid warrant.

Wherefore, for the reasons stated, those found in the attached Memorandum, and those which may arise at a hearing on this Motion, which hearing is hereby requested, the defendant moves that this Motion be granted and for such other relief as is just.

Ricky Lindsey
By Counsel

Respectfully submitted,

/s/
Billy L. Ponds
The Ponds Law Firm
Bar No. 379883
3218 O Street, N.W
Suite Two
Washington, D.C. 20007
(202) 333-2922

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion to Suppress Tangible Evidence was sent via electronic case filing management system and facsimile to Assistant United States Attorney Eric Gallun, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on this 23rd day of May 2008.

/s/
Michelle Anapol

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 08CR00034-RCL |
| | : | Judge Lamberth |
| RICKY LINDSEY, | : | Trial: July 21, 2008 |
| | : | |
| Defendant. | : | |

## ORDER

THIS CAUSE having come before the Court on the Motion to Suppress Tangible Evidence,, and that Motion having been considered by the Court, and for good cause shown, it is this _____ day of _____, 2008,

ORDERED, that the Motion to Suppress Tangible Evidence is hereby GRANTED.

_____
JUDGE

cc: Billy L. Ponds
The Ponds Law Firm
3218 O Street, N.W.
Suite Two
Washington, D.C. 20007

Eric Gallun
Assistant United States Attorney
Office of the United States Attorney
555 4th Street, NW
Washington, D.C. 20530