UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No.: 08CR00034-RCL |
| v. | : | Judge Lamberth |
| | : | Trial: July 21, 2008 |
| RICKY LINDSEY, | : | |
| | : | |
| Defendant. | : | |

===============================

## MOTION TO DISMISS THE INDICTMENT

Ricky Lindsey, by and through undersigned counsel, Billy L. Ponds of the Ponds Law Firm, respectfully submits this Motion to Dismiss the Indictment and hereby moves this Court for an order dismissing the indictment. In support of this motion, undersigned counsel states as follows:

## INTRODUCTION

A United States District Court for the District of Columbia grand jury has returned a four (4) count indictment against Ricky Lindsey (hereinafter "Lindsey"). Count four of the indictment charges Lindsey with possession of a firearm after having previously been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. §922(g) that the firearm was possessed "in or affecting commerce." For the reasons cited below, Lindsey submits that this is inadequate, and thus, the indictment should be dismissed before trial.

## ARGUMENT

18 U.S.C. §922(g) states that it is unlawful for certain individuals (those convicted of crimes punishable by a term exceeding one year, anyone who ever has been committed to a mental institution, anyone with a dishonorable discharge from the Armed Forces, etc.) to "possess in or affecting commerce" a firearm.

1

In this case, the only evidence to be presented at trial concerning whether the firearm allegedly possessed by Lindsey was possessed "in or affecting commerce," is expert testimony by a law enforcement official that the gun had previously been manufactured outside the District of Columbia and by implication, the gun at some point in the past crossed state lines into the District of Columbia. The government will contend that this is sufficient since the "in or affecting commerce" element is shown by proof that the gun in question merely crossed a state line at some time in the past.

Undersigned counsel submits that something more than just prior travel across state lines is necessary to satisfy the "in or affecting commerce" element and that due to the anticipated failure on the part of the government to prove more than this, the indictment should now be dismissed.

Under the position adopted by the government, virtually every possession of a gun by a prohibited person would be subject to prosecution under §922(g). This is not a sensible interpretation of the phrase "possess in or affecting commerce."

"In commerce" is a term of art that Congress repeatedly has used that *excludes* articles that have come to rest at any given spot. *Allied-Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 273 (1995) ("involving commerce" reaches a broader set of transactions than "in commerce," which is restricted to articles in the flow of commerce); *United States v. American Bldg. Maint. Indus.*, 422 U.S. 271 (1975) (acquisition of janitorial service supply company was not acquisition of company "engaged in commerce" even though many of the janitorial supplies purchased by company were manufactured from out of state).

While the phrase "affecting commerce" reaches a broader set of transactions, its reach is still limited by the use of the present tense "affecting." Moreover, it is the *possession* (and not

the gun) that must be "affecting commerce." The fact that the gun crossed a state line 20, 50, or 100 or more years earlier does not in any way demonstrate that the current possession is affecting interstate commerce.

These common sense interpretations of the relevant jurisdictional elements of §922(g) are supported by the Supreme Court's decision in *Jones v. United States*, 529 U.S. at 848 (2000). A unanimous Court purposefully gave a narrow reading to the jurisdictional element in the federal arson statute, which prohibited the damaging or destroying of any building "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." *Jones*, 529 U.S. at 853. Although the government had contended that the private home that the defendant had destroyed by a Molotov cocktail had been used (*inter alia*) to receive shipments of natural gas from outside the state, the Court unanimously rejected an interpretation of the statute that could be satisfied by such a tenuous connection. Of importance here, the Court rejected that broad interpretation in part because it would raise "grave and doubtful constitutional questions" about the validity of the statute under *United States v. Lopez*, 514 U.S. 549 (1995). *Jones*, 529 U.S. at 857 (internal citations omitted). That is, a statute which explicitly had prohibited "destroying or damaging by fire a building that receives natural gas shipments in interstate commerce" would have raised "grave and doubtful constitutional questions."[1]

In *Lopez*, the Supreme Court concluded that Congress exceeded its authority under the Commerce Clause in passing the Gun Free School Zones Act ("GFSZA"), 18 U.S.C. §922(q), which prohibited the possession of guns within 1000 feet of a school. The Court noted that

---

[1] In addition, the doctrine of lenity (which requires that Congress have spoken clearly and definitively before courts can assume that particular conduct is covered under a criminal statute), and the presumption that Congress intended to displace as little of traditional state authority as possible, both militate against an expansive interpretation of the phrase "possess in or affecting commerce." *Jones*, 529 U.S. at 857-58; *United States v. Bass*, 404 U.S. 336, 348-49 (1971).

Congress had three general areas of authority under the Commerce Clause: to regulate the channels of interstate commerce, to protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, and to regulate intrastate activities that have a substantial relation to interstate commerce. It concluded that §922(q) could only be upheld as an exercise of Congress's authority to regulate intrastate activities that have a substantial relation to interstate commerce, and held that §922(q) failed to meet the test for such provisions because it "neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." *Lopez*, 514 U.S. at 551.

This Court explained that the possession of guns could not be considered an economic activity in any sense of the term, and thus, that the statute could not be sustained under the Court's precedents permitting Congress to regulate "activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affects interstate commerce." *Id*. at 561. Further, the Court concluded that the GFSZA did not have a "jurisdictional element that would ensure through case-by-case inquiry that the firearm possession in question affects interstate commerce." *Id*. (emphasis added). *See also id*. at 567 ("there is no requirement that his possession of the firearm have any *concrete tie* to interstate commerce" (emphasis added)).

These statements make clear that the jurisdictional element should have the same aim as a statute's focus on economic activity: to ensure that the activity has a substantial *relation* to interstate commerce. Not any jurisdictional element will do. *See also United States v. Morrison*, 529 U.S. 598, 612 (2000) ("a jurisdictional element *may* establish that the enactment is in pursuance of Congress's regulation of interstate commerce" (emphasis added)); *id*. at 613 (a

"jurisdictional element would lend support to the argument that [42 U.S.C.] §13981 is sufficiently tied to interstate commerce").

The possession of a gun that once has passed over a state line is no more an economic activity than the possession of a gun that never passed over a state line. Even if the legislative history were useful in establishing a special connection to interstate commerce (*see Morrison*, 529 U.S. at 615), there is no such history here. Thus, the reading of §922(g) adopted by the government and this Court cannot be sustained under Congress's authority to regulate intrastate economic activity that substantially affects interstate commerce. *Lopez*, 514 U.S. at 561.

If the reading adopted by the government can be sustained at all, it can only be sustained if it would constitute a valid exercise of the part of Congress's third power to regulate non-economic activity that has a "substantial relation" with interstate commerce demonstrated through some connection determined on a case-by-case inquiry. But if, as *Jones* demonstrates, *some* jurisdictional elements are insufficient to create a "substantial relation" to interstate commerce, then a law prohibiting the possession of a gun that crossed a state line at any time in its existence should be unconstitutional.

It is hard to envision a tie to interstate commerce more tenuous. The fact that a gun may have crossed a state line decades ago does not make the connection between its current possession and interstate commerce any stronger than if it had never crossed a state line. It does not create a more "substantial relation" between the current possession and interstate commerce; it does not make the current possession less of a "local activity" than the possession of any other gun; it is not the "concrete tie to interstate commerce" *Lopez*, 514 U.S. at 567 required by the Supreme Court, but rather an infinitely elastic one.

As a result, since the government's interpretation of §922(g) as applied to Lindsey in the instant case would be unconstitutional and the evidence anticipated to be presented at trial will establish nothing above and beyond this faulty interpretation, the indictment should be dismissed before trial.

WHEREFORE, for the reasons stated herein, the defendant respectfully requests that this Court grant the Motion to Dismiss the Indictment.

Ricky Lindsey
By Counsel

Respectfully submitted,

_____/s/_____
Billy L. Ponds
The Ponds Law Firm
Bar No. 379883
3218 O Street, N.W
Suite Two
Washington, D.C.  20007
(202) 333-2922

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion to Dismiss the Indictment was sent via electronic case filing management system and facsimile to Assistant United States Attorney Eric Gallun, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on this _____ day of June 2008.

_____/s/_____
Michelle Anapol

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No.: 08CR00034-RCL** |
| v. | : | **Judge Lamberth** |
| | : | **Trial: July 21, 2008** |
| **RICKY LINDSEY,** | : | |
| | : | |
| **Defendant.** | : | |

===============================

# ORDER

THIS CAUSE having come before the Court on the Motion to Dismiss the Indictment, and that Motion having been considered by the Court, and for good cause shown, it is this _____ day of _____, 2008,

ORDERED, that the Motion to Dismiss the Indictment is hereby GRANTED.

_____
JUDGE

cc:   Billy L. Ponds
      The Ponds Law Firm
      3218 O Street, NW
      Suite Two
      Washington, D.C. 20007

      Eric Gallun
      Assistant United States Attorney
      Office of the United States Attorney
      555 4th Street, N.W.
      Washington, D.C. 20530