UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 08CR00034-RCL |
| | : | Judge Lamberth |
| RICKY LINDSEY, | : | Trial: July 21, 2008 |
| | : | |
| Defendant. | : | |

==============================

**SUPPLEMENTAL TO THE MOTION TO SUPPRESS TANGIBLE EVIDENCE**

RICKY LINDSEY, by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits this Supplemental to the Motion to Suppress Tangible Evidence and pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution and Rule 12 of the Federal Rules of Criminal Procedure, moves to suppress all tangible evidence seized from 4645 A Street, S.E., Washington, D.C. which the government proposes to use as evidence against the defendant.  As grounds for this request, the defendant states as follows:

.On February 7, 2008, Federal Bureau of Investigation Special Agent Daniel C. Sparks (hereinafter SA Sparks) submitted an Application and Affidavit for Search Warrant for authorization to search the premises located at 4645 A Street, SE, Washington, D.C.  In the affidavit, SA Sparks sought authorization to search the residence located at 4645 A Street, SE, Washington, D.C.

The information that formed the basis of SA Sparks' affidavit stems from the execution of a search warrant by SA Sparks at 4511 B Street, S.E., Apartment 101, Washington, D.C, which resulted in the arrest of Timothy P. Johnson, who resided at the above-noted residence (page 4, paragraph 6).  SA Sparks, in his affidavit, asserts that he learned of two parallel investigations by the Metropolitan Police Department (hereinafter

MPD) involving the same Timothy P. Johnson (Affidavit, page 5, paragraph 8). SA Sparks also relied on an investigation conducted by MPD officers and the opinion of an MPD firearms examiner. The undisputed relevant facts asserted in SA Sparks' affidavit are the following:

On August 24, 2006, MPD executed a search warrant at 5232 7th Street, S.E. and recovered an SKS assault rifle, a box of .45 caliber ammunition and mail matter in the name of Timothy P. Johnson (hereinafter Johnson)(Affidavit, page 5, paragraph 6).[1]

SA Sparks asserted in his affidavit that there was a parallel investigation conducted by the Metropolitan Police Department concerning allegations of domestic violence, specifically concerning an incident involving Johnson's child. As to this portion of the affidavit, SA Sparks stated that he relied "upon reports prepared by investigators and officers from the MPD and the opinion of the MPD firearms examiner." SA Sparks included the following information in his affidavit regarding the afore-mentioned domestic violence investigation:

> "With regard to the Domestic Violence investigation, Johnson has a child that was born on November 1, 2005. The mother of that child is DANIELLE EVANS who obtained a Court Order issued by the Superior Court of the District of Columbia preventing Johnson from having contact with her and their child. During those proceedings, EVANS sought the Court's assistance in the return of a camera to her that JOHNSON had been using. After receiving the camera from JOHNSON, EVANS had the film used by JOHNSON developed. The film contained pictures depicting JOHNSON posing with the infant child while they both held a Glock pistol and a Tec-9 type assault pistol. A MPD Firearms Examiner conducted an exhaustive review of enlarged photos of the afore-mentioned images and determined that at least one of the firearms is a real firearm. Each of the pictures depicting JOHNSON, and his infant child, appeared to be taken on the same grayish sofa with a blue wall in the background. The firearms depicted in those pictures have not been recovered." (Affidavit, page 5, paragraph 10).

---

[1] Johnson has been held without bond since his arrest to the present date.

2

In his affidavit, SA Sparks further stated:

> "On August 9, 2007, MPD investigators LINDA KNIGHT, MARIA FLORES and LACHELLE GOOD briefly interviewed CHRISTINE LINDSEY at 4645 A Street, S.E. (TARGET RESIDENCE). LINDSEY confirmed that she was JOHNSON'S aunt. During the brief interview, the MPD Investigators observed a grayish colored couch and blue wall which appeared to be the same couch and wall in the photos of JOHNSON, his child and the firearms. Thus, the investigators concluded that the pictures of JOHNSON and his child posing with the firearms were probably taken inside this address. Investigators were unable to photograph the couch and wall on August 9, 2007, as they did not have a search warrant and the interview was brief, preventing a more thorough search and examination of the area." (Affidavit, pages 5 and 6, paragraph 11)

On November 27, 2007, SA Sparks was a part of the team that executed a search warrant at 4511 B Street, S.E., Apartment 101, Washington, D.C. which resulted in the recovery of one hundred (100) grams of a mixture and substance containing PCP, over a pound of marijuana, approximately five (5) grams of crack cocaine, approximately twenty four (24) grams of heroin, a .380 caliber Bersa pistol, .45 caliber ammunition and body armor. SA Sparks asserted that based on his experience, the marijuana and PCP were packaged in a manner consistent with distribution "of those substances." Timothy Johnson was arrested based on the recovery of the above-noted items (Affidavit, page 4, paragraph 6).

On November 29, 2007, a United States District Court for the District of Columbia grand jury returned a three count indictment which charged Johnson with the following offenses; possession with intent to distribute 100 grams or more of Phencyclidine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv)), using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) and possession of a firearm and ammunition by a person convicted of

a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g). The case of <u>United States of America v. Timothy P. Johnson</u>, case number 07-cr-00323 is currently pending before the Honorable Rosemary M. Collyer and Johnson is currently detained pending trial (Affidavit, page 4, paragraph 7).

SA Sparks further asserts in his affidavit that on January 10, 2008, he "learned of two parallel investigations of JOHNSON by the MPD concerning domestic violence charges and the execution of a search warrant at a former residence that is 5232 7th Street, NW." SA Sparks further asserted that at the time Johnson was arrested on November 27, 2007, his "Driver's License listed his home address as 5232 7th Street, N.W." (Affidavit, page 5, paragraph 8 and 9).

Based on the afore-mentioned facts, SA Sparks submitted that:

> "Secreted within the confines of 4645 A Street, S.E., is evidence of crimes of child endangerment, unlawful possession of firearms, conspiracy to distribute heroin, cocaine and PCP as well as documents and other relevant evidence pertaining to the ongoing investigations. Furthermore, SA Sparks submitted that 4645 A Street, S.E. is a crime scene where JOHNSON possessed a Tec-9 type assault pistol which he displayed in photographs taken of himself and his infant child." (Affidavit, page 6, paragraph 11).

On February 7, 2008, United States District Court for the District of Columbia Magistrate Judge the Honorable Alan Kay authorized the search warrant for 4645 A Street, S.E., Washington, D.C. On February 14, 2008, at approximately 7:09am, SA Sparks reported to 4645 A Street, S.E, Washington, D.C to execute the search warrant issued to search the above-noted premises.

## **MEMORANDUM OF LAW**

This Court first notes that its standard of review of a magistrate's finding of probable cause is quite narrow: the Court must accord "great deference" to the issuing

official's determination of probable cause, and need only determine that the magistrate had a "substantial basis" for concluding that probable cause existed. See *Illinois v. Gates*, 462 U.S. 213, 236-37, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). This Court must find that the magistrate, based on totality of the circumstances, determined that there was a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238. In determining whether probable cause exists, this Court must ascertain what facts were provided as a basis for the allegations of wrongdoing and whether there was some basis for believing those facts to be credible. See, e.g*., United States v. Thomas,* 300 U.S. App. D.C. 380, 989 F.2d 1252, 1254 (D.C. Cir. 1993) (quoting *Gates*, 462 U.S. at 238). If this Court finds that probable cause existed, it need not inquire into the applicability of the good faith exception.  Even where probable cause is found to exist, however, evidence obtained pursuant to a search warrant may nonetheless be suppressed. This occurs when the affiant, knowingly or with a reckless disregard for the truth, included a false statement in the affidavit, or omitted a statement that would have been material. *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).   *United States v. Eiland*, 2006 U.S. Dist. LEXIS 11726, 28-33 (D.D.C. Mar. 1, 2006).

### PROBABLE CAUSE DID NOT EXIST DUE TO THE STALENESS OF THE INFORMATION PROVIDED IN THE AFFIDAVIT

Probable cause which must exist to justify the issuance of a search warrant must exist at the time of the issuance and not at some earlier time. *United States v. Nichols*, 89 F.Supp. 953 (W.D. Ark. 1950), *United States v. Sawyer*, 213 F. Supp. 38, 39 (E.D. Pa. 1963).  At an unknown time prior to August 7, 2007, it is alleged that Johnson, while with his infant son, was photographed with two (2) weapons.  One of the weapons

appeared to be a "real" gun. Subsequent to these pictures being taken and during the course of a domestic relations proceeding before the Superior Court of the District of Columbia, the infant's mother obtained her camera from Johnson. This camera contained the photograph of Johnson and the infant holding the afore-mentioned guns. Based on this discovery, on August 7, 2007, MPD investigators conducted an interview of Christine Lindsey, who is Ricky Lindsey's mother, at 4645 A Street, S.E, Washington, D.C. .

During the course of the interview, MPD investigators observed a grayish sofa with a blue wall in the background. This is the sole fact that led SA Sparks to believe that on February 7, 2008, a gun would be inside of the premises located at 4645 A Street, S.E., Washington, D.C. Additionally, SA Sparks submitted in his affidavit that evidence of the crimes of child endangerment, unlawful possession of firearms, conspiracy to distribute heroin, cocaine and PCP as well as documents and other relevant evidence pertaining to the ongoing investigations would be within the confines of 4645 A Street, S.E., Washington, D.C. However, SA Sparks did not provide any information linking Johnson to this residence during the course of his drug activities.

The facts submitted to the Commissioner must be sufficient to justify a conclusion by him that the property which is the object of the search is probably on the person or premises to be searched at the time the warrant is issued. The most convincing proof that the property was in the possession of the person or upon the premises at some remote time in the past will not justify a present invasion of privacy. There must be reasonable grounds for believing that the immediate search for which authority is sought may be fruitful. This was made clear by the Supreme Court in *Sgro v. United States*, 287 U.S.

6

206, 210, 53 S. Ct. 138, 140, 77 L. Ed. 260 (1932), the Court stating, "it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. Or. 1968). It is a fundamental principle of search and seizure law that the information given to the magistrate in the application for a search warrant must be timely. Probable cause must be found to exist at the time the warrant issues. The proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case. *Sgro, supra,* at 210-11, *United States v. Hyde*, 574 F.2d 856, 864 (5th Cir. Fla. 1978).

A showing to the effect that the property to be seized was at the place to be searched a substantial time before the application is made does not justify the issuance of a search warrant, for the reason that during the intervening period the property may have been moved away. The facts must show that the property to be seized was known to be at the place to be searched so recently as to justify the belief that the property is still there at the time of the issuance of the search warrant.' *Giordenello v. United States*, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); *Baysden v. United States*, 4 Cir., 271 F.2d 325, 327 (1959); *United States v. Sims*, M.D.Tenn., 201 F.Supp. 405, 408-409 (1962); *United States v. Walters*, W.D.Ark., 193 F.Supp. 788, 791 (1961); *Schoeneman v. United States*, 115 U.S. App. D.C. 110 (D.C. Cir. 1963).

SA Sparks' basis for probable cause stems from an incident, a photograph of Johnson and his child holding a weapon, that occurred at some unknown date prior to August 7, 2007. Furthermore, it was based on a hunch that because an area of the

residence located at 4645 A Street, S.E., Washington, D.C. was furnished with a grayish sofa with a blue wall in the background similar to the sofa and the wall depicted in the photograph, then the photograph was taken at the above-noted residence.

In conclusion, the incident that SA Sparks relies upon to establish probable cause occurred, at the minimum, six (6) months prior to the issuance of the search warrant. Consequently, the evidence in this case should be suppressed due to the staleness of the information relied upon to establish probable cause.

### THE INFORMATION IN THE AFFIDAVIT DID NOT PROVIDE A REASONABLE LINK TO THE LINDSEY RESIDENCE

The text of the Fourth Amendment requires that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. As any warrant judge would likely attest, this provides little guidance during the many late-night warrant requests made by anxious officers. At the same time, however, one would be hard-pressed to improve the standard. Perhaps all that can be done to help magistrates is what the Supreme Court did in *Illinois v. Gates*, i.e., urge magistrates to use their common sense. In *Gates*, the Court instructed magistrates to "make [] practical, common-sense decision[s] [based on] all the circumstances set forth in the affidavit." *Gates*, 462 U.S. at 238.

But this is not to say that a warrant decision is wholly the product of the judge's "hunch." Rather, some overt guideposts do exist to help judges organize their analysis. One of those guideposts is the nexus requirement, i.e. the requirement that there be "reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556, 56 L. Ed. 2d 525, 98 S. Ct. 1970 (1978). In other words, probable cause that a particular person possesses contraband is usually not, without more, enough to obtain a

8

warrant to search the person's residence for that contraband. As the Fourth Circuit opined in *United States v. Lalor*, "residential searches have been upheld only where some information links the criminal activity to the defendant's residence." *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993).

This is not to say, however, that the information providing the link need be direct evidence or personal knowledge. Rather, the information can be anything that would provide "a reasonable basis to infer from the nature of illegal activity observed that relevant evidence will be found in the residence." *United States v. Thomas*, 300 U.S. App. D.C. 380, 989 F.2d 1252, 1254 (D.C. Cir. 1993). Thus, in *United States v. Corral*, 970 F.2d 719, 728 (10th Cir. 1992), the court found that a defendant's return to his residence after negotiating a drug price--but before delivering the drugs--provided a reasonable probability that the drugs were stored in the residence. Similarly, in *United States v, Feliz*, 182 F.3d 82 (1999) the First Circuit upheld a warrant to search a known drug dealer's residence even though there was no direct evidence that drug paraphernalia--such as client lists and accounting records--were stored at the home. The magistrate issued a warrant, and the court of appeals ultimately upheld the decision. The court recognized that it was reasonable to suppose that "a long-time, successful, drug trafficker" possessed at his home "documents showing the names and telephone numbers of customers and suppliers as well as accounts showing the monies paid and collected. *Id*. at 87, *United States v. Hopkins*, 128 F. Supp. 2d 1, 5 (D.D.C. 2000).

The photograph of Johnson and his child was not sufficiently linked to 4645 A Street, S.E., Washington, D.C., the Lindsey residence. The single piece of information law enforcement relied upon to link Johnson and 4645 A Street, S.E., Washington, D.C.,

9

the Lindsey residence, is the observation made by the MPD investigators on August 7, 2007, that the sofa and the wall in the residence "appeared" to be the same sofa and wall in the photograph. This proffer that the sofa and the wall "appeared" to be the same does not provide a reasonable basis to infer that illegal activity occurred at 4645 A Street, S.E., Washington, D.C., the Lindsey residence.

## THE GOOD FAITH EXCEPTION IS INAPPLICABLE

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause." U.S. Const, amend. IV. The exclusionary rule bars the prosecution from using in its case-in-chief evidence obtained during a search that violated the Fourth Amendment. See *United States v. Dawkins*, 305 U.S. App. D.C. 83, 17 F.3d 399, 407-08 (D.C. Cir. 1994) (citing *Weeks v. United States,* 232 U.S. 383, 58 L. Ed. 652, 34 S. Ct. 341 (1914)). Under the "good faith" exception to the exclusionary rule, however, that evidence need not be suppressed when police obtain the evidence through objective good faith reliance on a facially valid warrant that later is found to lack probable cause. See *United States v. Leon*, 468 U.S. 897, 920, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984). The Supreme Court in Leon held that a good faith exception to the exclusionary rule was appropriate because when officers engage in objectively reasonable law enforcement activity, suppression would not advance the exclusionary rule's goal of deterring police misconduct. See *id.* at 919-22; see also *id*. at 922 ("We conclude that the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion.").

The Court in *Leon* went on to identify four situations in which it is not appropriate to apply the "good faith" exception because the officer "will have no reasonable grounds for believing that the warrant was properly issued." *United States v. Leon*, 468 U.S. at 923. Those situations are: (1) where the magistrate issued the warrant based on a deliberately or recklessly false affidavit; (2) where the issuing magistrate failed to act in a neutral and detached manner; (3) where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where a warrant is "so facially deficient -- i.e., in failing to particularize the place to be searched or the things to be seized -- that the executing officers cannot reasonably presume it to be valid." *Id*. *United States v. Johnson*, 332 F. Supp. 2d 35, 38-39 (D.D.C. 2004).

In conclusion, the good faith exception would be inapplicable in this case due to the fact that the affidavit was so lacking in probable cause as to render official belief in its existence entirely unreasonable.

                                                Ricky Lindsey
                                                By counsel

                                                Respectfully submitted,

                                                _____/s/_____
                                                Billy L. Ponds
                                                The Ponds Law Firm
                                                Bar No.: 379883
                                                3218 O Street N.W.
                                                Suite Two
                                                Washington, D.C. 20007
                                                (202) 333-2922

## CERTIFICATE OF SERVICE

      I hereby certify that a true and complete copy of this Supplemental to the Motion to Suppress Tangible Evidence was sent via electronic case filing management system and facsimile to Eric Gallun, Assistant United States Attorney, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530 on this 18th day of June, 2008.


_____/s/_____
Billy L. Ponds