UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Crim. No. 08-034 (RCL) |
| v. | : | |
| | : | |
| RICKY D. LINDSAY, | : | |
| Defendant. | : | Motions date: July 10, 2008 |

## GOVERNMENT'S OPPOSITION TO DEFENDANT RICKY LINDSAY"S MOTION TO DISMISS THE INDICTMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to defendant Ricky Lindsay's Motion to Dismiss the Indictment. If proved, the allegations in the indictment are sufficient to establish a violation of 18 U.S.C. § 922(g). Moreover, Congress's ability to proscribe the activity announced in the statute has been upheld by every circuit court of appeals. Therefore, the defendant's Motion to Dismiss the Indictment should be denied.

## PROCEDURAL BACKGROUND

Defendant Ricky Lindsay was arrested on February 14, 2008, after a search warrant was executed at his home 4645 A Street, SE, Washington D.C. During the execution of the warrant, agents from the Federal Bureau of Investigation recovered a 9mm UZI sub-machine gun and over 625 grams of powder cocaine from the defendant's bedroom. A Federal Grand Jury handed up a four-count indictment against Ricky Lindsay. Count Four charges the defendant with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g). The statute makes it unlawful for any person who has been previously convicted of a crime

punishable by imprisonment for more than one year to "possess in or affecting commerce," any firearm or ammunition.

## MOTION TO DISMISS

Defendant Lindsey argues a) the government's evidence will fall short at trial and b) the interpretation of possession "in or affecting commerce" does not properly touch upon interstate commerce and thus the indictment should be dismissed. Def. Motion at 2, 5. As set forth below, these claims are meritless and contrary to the decisions of every circuit, and the defendant's motion should be denied.

## ARGUMENT

I. **The indictment is sufficient to allege a violation of 18 U.S.C. § 922(g).**

"An indictment is sufficient if is sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1993). A challenge to an indictment is not a test of the sufficiency of the government's evidence; indeed, the Court must assume such allegations are true. United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994), see also United States v. Sampson, 371 U.S. 75, 78-79 (1962) (finding it irrelevant that charges had not been established by evidence, because such determination not relevant at a motion to dismiss). The Court should not dismiss the indictment unless the government has failed to properly allege a violation of 18 U.S.C. § 922(g). U.S. v. Dodd, 466 F. 3d 1062 (10th Cir. 2006).

In Dodd, the United States Court of Appeals for the Tenth Circuit considered whether the

district court erred in dismissing the charge against Dodd for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Id. at 1064. The sole evidence supporting the charge was Mr. Dodd's admission of possession of a firearm. Id. at 1067. The district court determined at a pretrial hearing that Mr. Dodd's admission was insufficiently corroborated and thus dismissed the charge. Id. The Court of Appeals held that the trial court abused its discretion in dismissing the count and reinstated the charge against Dodd. Id. at 1069.

Similarly, the court in the instant case should not entertain what is properly suited for a motion for judgment of acquittal. The indictment against Lindsey is legally sufficient. The indictment sets forth the elements of the offense, in particular, the element referring to affecting interstate commerce. See Superseding Indictment dated June 3, 2008. ("[Defendant] did unlawfully and knowingly receive and possess a firearm, that is, UZI 9mm semi-automatic sub-machinegun, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.") As the Court in Todd announced, "According to the allegations in the indictment, Mr. Todd possessed a firearm, namely a 9mm Beretta handgun, that had previously traveled in interstate commerce. These allegations, if proved, are sufficient to establish a violation of section 922(g)(2)." Todd at 1068. The indictment properly places the defendant on fair notice of the charges, which is evident from his Motion to Dismiss. Finally, the indictment announces a particular date, February 14, 2008, and thus enables the defendant to assert a double jeopardy defense.

Defense counsel argues the evidence the government will present a trial is insufficient. Def. Motion at 2 ("[T]he only evidence to be presented at trial. . . is expert testimony by a law enforcement official that the gun had previously been manufactured outside the District of

Columbia. . .")  As discussed above, the Court should not consider the sufficiency of the evidence.  As in Dodd, the government's allegation that the firearm previously traveled in interstate commerce is properly set forth and sufficient to deny defendant's motion.

II. **18 U.S.C § 922(g) is constitutional because it is a proper application of Congress's authority to regulate interstate commerce.**

The Commerce Clause of the United States Constitution grants Congress the authority "[t]o regulate Commerce with foreign nations, and among the several states, and with the Indian tribes." U.S. CONST. art. 1, § 8, cl. 3.  Congress's ability to proscribe the activity announced in 18 U.S.C. § 922(g) has been widely and routinely upheld by the courts.

The United States Court of Appeals for the District of Columbia Circuit has held that § 922(g) is not beyond Congress's power under the commerce clause.  See Fraternal Order of Police v. United States, 173 F.3d 898 (D.C. Cir. 1999).  The Fraternal Order of Police challenged certain provisions of the 1996 Amendments to the Gun Control Act of 1968 (*18 U.S.C. § 921 et seq.*), arguing lack of Congressional authority.  In announcing its holding, the DC Circuit held, "We join all the numbered circuits in rejecting this argument because § 922(g)(9) contains a 'jurisdictional element': in any prosecution under the provision for possession, the government must prove that the defendant possessed the firearm 'in or affecting commerce.'" Id. at 907.

As the DC Circuit noted, every jurisdiction has upheld the constitutionality of § 922(g).  See United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996) ("[t]he existence of this jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g) . . . satisfies the minimal nexus required for the *Commerce Clause*." (italics in original))

In United States v. Williams, 410 F.3d 397 (7th Cir. 2005), the Seventh Circuit Court of

Appeals rejected this same claim that 18 U.S.C. § 922(g)(1) was beyond Congress's power. Despite defendant's assertion that he possessed the firearm solely in the state of Wisconsin, the Court held that "so long as the firearm crossed state lines at any point prior to the defendant's possession of the gun, his possession is 'in or affecting commerce.'" Id. at 400 (citing United States v. Lemons, 302 F.3d 769, 772-73 (7th Cir. 2002)).

Similarly, in United States v. Letts, 264 F.3d 787 (8th Cir. 2001), the Eighth Circuit Court of Appeals denied defendant's argument that 18 U.S.C. § 922(g)(3) exceeded the reach of the Commerce Clause. The Court of Appeals recognized that the firearms involved had been shipped or transported in interstate commerce, and that Congress did not overreach its authority in enacting 18 U.S.C. § 922(g)(3). Id. at 790.

Defense's reliance on United States v. Lopez, 514 U.S. 549 (1995), is misplaced because Lopez struck down § 922(q)(1)(A), but has no applicability to § 922(g). Moreover, the same argument has been considered and rejected.

In a recently reported case on the subject, United States v. Minnifield, 2008 WL 1838662 (April 25, 2008) defendant argued that 18 U.S.C. § 922(g)(3) was an unconstitutional application of Congress' authority and contrary to the Supreme Court's decision in Lopez. The District Court of North Dakota rejected this argument. The court explained that Lopez acknowledged three distinct categories that Congress may regulate under its commerce power: "(1) the use of channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and, (3) those activities that have a substantial relation to interstate commerce." Minnifield, 2008 WL at *1. Lopez struck down § 922(q)(1)(A), a regulation in the third category, "because the regulated activity did not 'substantially affect' interstate commerce, and Congress had,

therefore, exceeded its commerce power. . ." Id.  However, the court explained that 18 U.S.C. § 922(g) falls within the second category as an instrumentality.  Id.

With this understanding of Lopez and precedent from the Eighth Circuit, the court in Minnifield denied defendant's motion to dismiss.  The Eighth Circuit held that "Lopez had no application and that Congress did not overstep its commerce authority in enacting 18 U.S.C. § 922(g)(3)." Id.  In short, "Congress is allowed to regulate the possession of firearms that have been transported at any time in interstate commerce." Id.

Moreover, defense counsel has incorrectly asserted that possession of the firearm must "substantially affect" interstate commerce.  The regulation involves firearms that were shipped in interstate commerce and subsequently they are instrumentalities of interstate commerce under prong two of Lopez.  See e.g. United States v. Letts, 264 F.3d 787 (8th Cir. 2001); United States v. Mosby, 60 F.3d 454 (8th Cir. 1995).  Under the Commerce Clause, Congress has power to regulate the possession of firearms that have been shipped in interstate commerce.  Minnifield, 2008 WL at *2.

## CONCLUSION

Defense counsel's argument that mere possession of a gun that has previously crossed state lines is insufficient to constitute a violation of 18 U.S.C. § 922(g) is clearly erroneous.  Though defense counsel argues that this is not a "sensible interpretation," this interpretation has in fact been upheld by every circuit court of appeals.  The government's allegations in the indictment are legally sufficient.  Moreover, Congress has not overstepped its authority in enacting 18 U.S.C. § 922(g).

WHEREFORE, for the reasons stated above, the United States respectfully submits that

defendant's motion to dismiss should be **DENIED.**

                                                Respectfully submitted,

                                                JEFFREY A. TAYLOR
                                                UNITED STATES ATTORNEY

                                                  /s/
                                                ERIC P. GALLUN
                                                Assistant United States Attorney
                                                DC Bar No. 462025
                                                555 Fourth Street, NW Room 4122
                                                Washington, DC  20001
                                                (202) 514-6997